IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| LARADA SCIENCES, INC. )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>PEDIATRIC HAIR SOLUTIONS )<br>CORPORATION and FLOSONIX )<br>VENTURES, INC. )<br>)<br>Defendants. )<br>) | **Case No. 3:18-cv-00320-RJC-DSC**<br><br>**UTILITY PATENT CERTIFICATE OF INITIAL ATTORNEYS' CONFERENCE** |

1. **Certification of Conference**. Pursuant to Fed. R. Civ. P. 26(f), a phone conference was held on August 28, 2018 by the undersigned counsel for the designated parties in the above captioned case along with multiple follow-up communications regarding same.

2. **Pre-Discovery Disclosures**. The information required by Fed.R.Civ.P. 26(a)(1) (check one) ☐ has been exchanged ☒ will be exchanged by September 11 2018.

3. **Claim Construction Scheduling Order Deadlines**. The parties jointly propose to the Court the deadlines listed below for inclusion in the Claim Construction Scheduling Order (hereinafter "SO"). These deadlines are based on the date the court issues the SO.

| | Standard |
|---|---|
| Serve Initial Infringement Contentions | [SO + 30] |
| Serve Initial Invalidity Contentions | [SO + 90] |
| Exchange of Terms for Construction | [SO +111] |
| Exchange Preliminary Claim Construction | [SO +132] |
| File Joint Claim Construction Statement | [SO +162] |
| Close of Claim Construction Discovery | [SO +192] |
| File Opening Claim Construction Brief | [SO +206] |
| File Responsive Claim Construction Brief | [SO +220] |
| File Reply Claim Construction Brief | [SO +227] |
| File Surreply Claim Construction Brief | [SO +234] |

File Claim Construction Chart [SO +241]
Claim Construction Hearing [SO +248][1]

4. **Discovery Plan**. All discovery shall commence upon entry of the SO and end at the time provided in the Pretrial Order and Case Management Plan, hereinafter the Pretrial Order or "PO."

   (a) Defendants may collectively propound a total of 30 interrogatories to Plaintiff. Plaintiff may propound 10 interrogatories on each Defendant, and may propound a total of 10 common interrogatories that must be answered by both Defendants.

   (b) Maximum of 50 requests for admission by each party to any other party, except that there shall be no limits for requests for admission relating to authenticity of documents.

   (c) Maximum of 10 depositions by plaintiff and 10 by defendant(s), not including experts.

5. **Post-Claim Construction Order Deadlines**. The parties jointly propose to the Court the deadlines listed below for inclusion in the Utility Patent Pretrial Order and Case Management Plan (hereinafter the Pretrial Order or "PO.") These deadlines are based on the date the Court enters the Claim Construction Order.

|  | Standard |
|---|---|
| Amended Infringement Contentions Served | [PO + 30] |
| Amended Invalidity Contentions Served | [PO + 60] |
| Advice of Counsel Defense Served | [PO + 120] |
| Fact Discovery Closes | [PO + 180] |
| Opening Expert Reports Served | [PO + 225] |
| Rebuttal Expert Reports Served | [PO + 255] |
| Close of Expert Discovery | [PO + 270] |
| Mediation Deadline | [PO + 285] |
| Dispositive and Daubert Motions Deadline | [PO + 320] |
| Ready Date for Trial | [PO + 420] |

---

[1] Such deadline to be determined by the Court as the case progresses.

6. **Other Items**.

   (a) The parties have discussed the issue of consent to the jurisdiction of a U.S. magistrate judge, but both parties do not consent.[2]

   (b) The parties ☐ **request** ☒ **do not request** an Initial Pretrial Conference.

   (c) Settlement is ☐ **likely** ☐ **unlikely** ☒ **cannot be evaluated** prior to the Claim Construction Hearing. Settlement may be enhanced by use of the following ADR procedure:

   ☐ mediated settlement conference;

   ☐ binding arbitration;

   ☐ judicial settlement conference;

   ☒ private mediation.

   The parties agree that the above selected ADR procedure would be most useful if conducted within 30 days following the Claim Construction hearing.

   (d) Final lists of witnesses and exhibits under Rule 26(a)(3) are due from parties that bear the burden of proof no later than 73 days before the date set for trial by the Court; and are due from parties that do not bear the burden of proof no later than 66 days before the date set for trial by the Court.

   (e) If the case is ultimately tried, trial is ☒ with ☐ without a jury, and is expected to take approximately 5 days.

---

[2] Consent requires the unanimous consent of all parties and completion of the following form: http://www.ncwd.uscourts.gov/Documents/Forms/ECF.caseassignmentnotice.pdf.

7. The parties have considered and discussed the issues as provided in Local Patent Rule 2.1(A)(1)-(9) and other issues regarding discovery or case management, and have identified the following issues that may require the Court's attention:

- The parties agree that indefiniteness should be determined as part of the claim construction proceedings. Any terms Defendants contend are indefinite under 35 U.S.C. § 112 must be identified in the Exchange of Proposed Terms For Construction pursuant to P.R. 4.1. Arguments regarding indefiniteness under 35 U.S.C. § 112 must be included with the parties' claim construction briefs.

- In view of the suit between Plaintiff and Defendant Pediatric Hair Solutions currently pending in the United States District Court for the District of Utah (Case No. 2:18-cv-00551-BCW), the parties agree that it would be most efficient to combine document productions between these two cases. Accordingly, documents produced in response to requests for production made in either case will be sequentially Bates-labeled and made available for use by the requesting party in both cases. The production of documents in one case shall not constitute waiver of objections raised in the other.

- Motions in limine must be filed no later than 45 days before the date set for trial by the Court.

- The Parties agree that privileged communications on or after the filing date of this lawsuit do not need to be logged.

- The Parties agree that it will be necessary to produce confidential documents in this case and to file them under seal, and thus a Protective Order will be required. The

Parties will endeavor to reach agreement on this issue, and file a Proposed Protective Order.

- The Parties believe that live testimony at the Claim Construction Hearing may be unnecessary, but both reserve the right at this time to present such testimony. The Parties further agree that if any Party relies on the testimony of an expert in that Party's Local Patent Rule 4.2 disclosures, the other Party shall have 30 days to identify its own expert testimony.

- The Parties believe that the Claim Construction Hearing should be presented on a term-by-term basis.

- If the Parties believe a Claim Construction Prehearing for purposes of technology tutorial would be necessary, they will so notify the Court as soon as practical.

Date: **September 4, 2018**

| | |
|---|---|
| **/s/ *Phoebe Norton Coddington*** | **/s/ *Brian L. Church*** |
| Phoebe Norton Coddington | Brian L. Church |
| N.C. Bar No. 35218 | N.C. Bar No. 39581 |
| **/s/ *Scott S. Addison*** | **/s/ *Lucas A. Anderson*** |
| Scott S. Addison | Lucas A. Anderson |
| N.C. Bar No. 35117 | N.C. Bar No. 50560 |
| Lincoln Derr PLLC | Robinson, Bradshaw, and Hinson, P.A. |
| 4350 Congress Street, Suite 575 | 101 N. Tryon Street, Suite 1900 |
| Charlotte, North Carolina 28209 | Charlotte, North Carolina 28246 |
| Telephone: 704.496.4500 | Telephone: 704.377.2536 |
| Facsimile: 866.393.6043 | bchurch@robinsonbradshaw.com |
| phoebe.coddington@lincolnderr.com | landerson@robinsonbradshaw.com |
| scott.addison@lincoldnerr.com | |
| | |
| **/s/ *Richard W. Miller*** | **/s/ *William B. Dyer III*** |
| Richard W. Miller (*pro hac vice*) | William B. Dyer III (*pro hac vice*) |
| **/s/ *D. Alan White*** | **/s/ *Andrew G. Strickland*** |
| D. Alan White (*pro hac vice*) | Andrew G. Strickland (*pro hac vice*) |
| Ballard Spahr LLP | Lee & Hayes, PLLC |
| 999 Peachtree Street NE, Suite 1000 | 1175 Peachtree Street NE |
| Atlanta, GA  30309 | 100 Colony Square, Suite 2000 |
| Telephone: 678.420.9300 | Atlanta, GA 30361 |

Facsimile: 678.420.9301
millerrw@ballardspahr.com
whiteda@ballardspahr.com

*Attorneys for
Plaintiff Larada Sciences, Inc.*

Telephone: 404.815.1900
Facsimile: 404.815.1902
bill.dyer@leehayes.com
andrew.strickland@leehayes.com

*Attorneys for Defendants
Pediatric Hair Solutions Corporation and
FloSonix Ventures, Inc.*