**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | | |
|---|---|---|
| LARADA SCIENCES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Case No. 3:18-cv-00320-RJC-DSC** |
| vs. | ) | |
| | ) | |
| PEDIATRIC HAIR SOLUTIONS | ) | |
| CORPORATION and FLOSONIX | ) | |
| VENTURES, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, as well as all applicable Local Rules and this Court's Orders, and for good cause, IT IS HEREBY ORDERED THAT:

1. **Scope of Protection**

This Protective Order shall govern any record of information produced in this action and designated pursuant to this Protective Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery.

This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or Local Rule of the Court and any supplementary disclosures thereto.

This Protective Order shall apply to the parties and to any nonparty from whom discovery may be sought who desires the protection of this Protective Order.

Non-parties may challenge the confidentiality of the protected information by filing a motion to intervene and a motion to de-designate.

2.   **Definitions**

(a)   The term PROTECTED INFORMATION shall mean confidential or proprietary technical, scientific, financial, business, health, or medical information designated as such by the producing party.

(b)   The term CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY shall mean PROTECTED INFORMATION that constitutes or contains non-public Source Code information so designated by the producing party.

(1)   "Source Code" shall mean source code and object code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator).  For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files.

(c)   The term CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY, shall mean PROTECTED INFORMATION that is so designated by the producing party.  The designation CONFIDENTIAL—ATTORNEYS EYES ONLY may be used only for the following types of past, current, or future PROTECTED INFORMATION: (1) sensitive technical information, including current research, development and manufacturing information and patent prosecution information, (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers, (3) competitive technical

information, including technical analyses or comparisons of competitor's products, (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning, or (5) any other PROTECTED INFORMATION the disclosure of which to non-qualified people subject to this Protective Order the producing party reasonably and in good faith believes would likely cause harm.

(d)    The term CONFIDENTIAL INFORMATION shall mean all PROTECTED INFORMATION that is not designated as "CONFIDENTIAL—ATTORNEYS EYES ONLY" information.

(e)    For entities covered by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the term CONFIDENTIAL INFORMATION shall include Confidential Health Information. Confidential Health Information shall mean information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber. Confidential Health Information includes claim data, claim forms, grievances, appeals, or other documents or records that contain any patient health information required to be kept confidential under any state or federal law, including 45 C.F.R. Parts 160 and 164 promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 (*see* 45 C.F.R. §§ 164.501 & 160.103), and the following subscriber, patient, or member identifiers:

(1)names;

(2)all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

(3)all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

(4)telephone numbers;

(5)fax numbers;

(6)electronic mail addresses;

(7)Social Security numbers;

(8)medical record numbers;

(9)health plan beneficiary numbers;

(10)account numbers;

(11)certificate/license numbers;

(12)vehicle identifiers and serial numbers, including license plate numbers;

(13)device identifiers and serial numbers;

(14)web universal resource locators ("URLs");

(15)internet protocol ("IP") address numbers;

(16)biometric identifiers, including finger and voice prints;

(17)full face photographic images and any comparable images; and/or

(18)any other unique identifying number, characteristic, or code.

(f)        The term TECHNICAL ADVISOR shall refer to any person who is not a party to this action and/or not presently employed by the receiving party or a company

affiliated through common ownership, who has been designated by the receiving party to receive another party's PROTECTED INFORMATION, including CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY, CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY, and CONFIDENTIAL INFORMATION. Each party's TECHNICAL ADVISORS shall be limited to such persons as, in the judgment of that party's counsel, are reasonably necessary for development and presentation of that party's case. These persons include outside experts or consultants retained to provide technical or other expert services such as expert testimony, or to otherwise assist in trial preparation.

3.  **Disclosure Agreements**

      (a)    Each receiving party's TECHNICAL ADVISOR shall sign a disclosure agreement in the form attached hereto as Exhibit A ("Disclosure Agreement"). Copies of the Disclosure Agreement signed by any person or entity to whom PROTECTED INFORMATION is disclosed shall be provided to the other party promptly after execution by e-mail transmission. No disclosures shall be made to a TECHNICAL ADVISOR until seven days after the executed Disclosure Agreement is served on the other party.

      (b)    Before any PROTECTED INFORMATION is disclosed to outside TECHNICAL ADVISORS, the following information must be provided in writing to the producing party and received no less than seven days before the intended date of disclosure to that outside TECHNICAL ADVISOR: the identity of that outside TECHNICAL ADVISOR, business address and/or affiliation and a current curriculum vitae of the TECHNICAL ADVISOR, and, if not contained in the TECHNICAL ADVISOR's curriculum vitae, a brief description, including education, present and past employment and general areas of expertise of the TECHNICAL ADVISOR. If the producing party

objects to disclosure of PROTECTED INFORMATION to an outside TECHNICAL ADVISOR, the producing party shall within seven days of receipt serve written objections identifying the specific basis for the objection, and particularly identifying all information to which disclosure is objected. Failure to object within seven days shall authorize the disclosure of PROTECTED INFORMATION to the TECHNICAL ADVISOR. As to any objections, the parties shall attempt in good faith to promptly resolve any objections informally. If the objections cannot be resolved, the party seeking to prevent disclosure of the PROTECTED INFORMATION to the TECHNICAL ADVISOR shall move within seven days for an Order of the Court preventing the disclosure. The burden of proving that the designation is proper shall be upon the producing party. If no such motion is made within seven days, disclosure to the TECHNICAL ADVISOR shall be permitted. In the event that objections are made and not resolved informally and a motion is filed, disclosure of PROTECTED INFORMATION to the TECHNICAL ADVISOR shall not be made except by order of the Court.

(c) No party shall attempt to depose any TECHNICAL ADVISOR until such time as the TECHNICAL ADVISOR is designated by the party engaging the TECHNICAL ADVISOR as a testifying expert. Notwithstanding the preceding sentence, any party may depose a TECHNICAL ADVISOR as a fact witness provided that the party seeking such deposition has a good faith, demonstrable basis independent of the Disclosure Agreement or the information provided under subparagraph (a) above that such person possesses facts relevant to this action, or facts likely to lead to the discovery of admissible evidence; however, such deposition, if it precedes the designation of such person by the engaging party as a testifying expert, shall not include any questions regarding the scope or subject

matter of the engagement. In addition, if the engaging party chooses not to designate the TECHNICAL ADVISOR as a testifying expert, the non-engaging party shall be barred from seeking discovery or trial testimony as to the scope or subject matter of the engagement.

4.  **Designation of Information**

   (a)   Documents and things produced or furnished during the course of this action shall be designated as containing CONFIDENTIAL INFORMATION, by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION**

   (b)   Documents and things produced or furnished during the course of this action shall be designated as containing information which is CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY**

During discovery, a producing party shall have the option to require that all or batches of materials be treated as containing information that is CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY during inspection and to make its designation as to particular documents and things at the time copies of documents and things are furnished.

   (c)   Documents and things produced or furnished during the course of this action shall be designated as containing information that is CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY, by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

## CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY

(d)     A party may designate information disclosed at a deposition as CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY, or CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY by requesting the reporter to so designate the transcript at the time of the deposition.

(e)     A producing party shall designate its discovery responses, responses to requests for admission, briefs, memoranda, and all other papers sent to the court or to opposing counsel as containing CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY, or CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY when such papers are served or sent.

(f)     A party shall designate information disclosed at a hearing or trial as CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY, or CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY by requesting the court, at the time the information is proffered or adduced, to receive the information only in the presence of those persons designated to receive such information and court personnel, and to designate the transcript appropriately.

(g)     The parties will use reasonable care to avoid designating any documents or information as CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY, or CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY that is not entitled to such designation or which is generally available to the public.  The parties shall designate only that part of a document or deposition that is CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION—

ATTORNEYS EYES ONLY, or CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY, rather than the entire document or deposition. For example, if a party claims that a document contains pricing information that is CONFIDENTIAL—ATTORNEYS EYES ONLY, the party will designate only that part of the document setting forth the specific pricing information as CONFIDENTIAL—ATTORNEYS EYES ONLY, rather than the entire document.

(h)     In multi-party cases, Plaintiffs and/or Defendants shall further be able to designate documents as CONFIDENTIAL INFORMATION—NOT TO BE DISCLOSED TO OTHER PLAINTIFFS or CONFIDENTIAL INFORMATION—NOT TO BE DISCLOSED TO OTHER DEFENDANTS for documents that shall not be disclosed to other parties. The party producing documents or other materials that contain any information that is designated CONFIDENTIAL INFORMATION—NOT TO BE DISCLOSED TO OTHER PLAINTIFFS or CONFIDENTIAL INFORMATION—NOT TO BE DISCLOSED TO OTHER DEFENDANTS shall, at the time of production, notify the receiving party that certain materials have been so designated.

5.     **Disclosure and Use of materials designated CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY, or CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY**

Information that has been designated CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY, or CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY shall be disclosed by the receiving party only to Qualified Recipients. All Qualified Recipients shall (i) hold such information received from the disclosing party in confidence, (ii) use such information only for purposes of this action and for no other action, (iii) shall not use such information for any business or other commercial purpose,

or for filing or prosecuting any patent application (of any type) or patent reissue or reexamination request, and (iv) shall not disclose such information to any person, except as hereinafter provided. All information that has been designated CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY, or CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY shall be carefully maintained so as to preclude access by persons who are not qualified to receive such information under the terms of this Order.

In multi-party cases, documents designated as CONFIDENTIAL INFORMATION—NOT TO BE DISCLOSED TO OTHER PLAINTIFFS or CONFIDENTIAL INFORMATION—NOT TO BE DISCLOSED TO OTHER DEFENDANTS shall not be disclosed to other plaintiffs and/or defendants.

**6.    Qualified Recipients**

For purposes of this Order, "Qualified Recipient" means

(a)For materials designated CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY:

(1)    Outside counsel of record for the parties in this action, and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the action, outside copying services, document management services, and graphic services;

(2)    Court officials involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

(3)     Personnel at document duplication, coding imaging, or scanning service establishments retained by, but not regularly employed by, outside litigation counsel as necessarily incident to the litigation; and

(4)     Outside TECHNICAL ADVISORS retained to provide technical or other expert services, subject to the requirements in Paragraph 3 above. However, such experts may only review CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY after being expressly identified to the opposing party as seeking access to CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY.

(b)     For materials designated CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY:

(1)     Outside counsel of record for the parties in this action, and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the action, outside copying services, document management services, and graphic services;

(2)     Court officials involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

(3)     Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(4)     Any outside TECHNICAL ADVISOR employed by the outside counsel of record, subject to the requirements in Paragraph 3 above; and

(5)    Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the parties, and his or her staff, provided that such individuals agree in writing, pursuant to the Disclosure Agreement, to be bound by the terms of this Order.

(c)    For materials designated CONFIDENTIAL INFORMATION:

(1)    Those persons listed in paragraph 6(a) or 6(b);

(2)    In-house counsel for a party to this action who are acting in a legal capacity and who are actively engaged in the conduct of this action, and the secretary and paralegal assistants of such counsel to the extent reasonably necessary;

(3)    The insurer of a party to this litigation, and employees of such an insurer to the extent reasonably necessary to assist the party's counsel in providing the insurer an opportunity to investigate and evaluate the claim for purposes of determining coverage and for settlement purposes; and

(4)    Representatives, officers, or employees of a party as necessary to assist outside counsel with this litigation.

(d)    For materials designated CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY, CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION:  any witness during the course of discovery, so long as each designated document to be disclosed states, on its face, that the witness to whom it will be disclosed was either an author, recipient, or otherwise involved in the creation of the document.  Where this is not the case, the party seeking disclosure may nonetheless disclose the designated document to the witness, provided that:  (i) the party seeking disclosure has a reasonable basis for believing that

the witness had previously received or reviewed the document, (ii) the party seeking disclosure provides advance notice to the party that produced the document, and (iii) the party that produced the document does not inform the party seeking disclosure that the witness had not previously received or reviewed the document in question. Nothing herein shall prevent disclosure at a deposition of materials designated CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY, CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION to the officers, directors, and managerial level employees of the party producing such designated materials, or to any employee of such party who has access to such designated materials in the ordinary course of such employee's employment.

**7.** **Use of Protected Information**

(a) In the event that any receiving party's briefs, memoranda, discovery requests, requests for admission, or other papers of any kind that are served or filed include another party's materials designated CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY, or CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY, the papers must be appropriately designated pursuant to Paragraph 4 and filed under seal in accordance with W.D.N.C. LCvR 6.1.

(b) All documents, including attorney notes and abstracts, that contain another party's materials designated CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY, or CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY, shall be handled as if they were designated pursuant to Paragraph 4.

(c)     Documents, papers, and transcripts that are filed with the Court and contain any other party's materials designated CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY, or CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY shall be filed in sealed envelopes and under seal in accordance with W.D.N.C. LCvR 6.1.

(d)     To the extent that documents are shared by a producing party and/or reviewed by a receiving party prior to formal production in this case, any knowledge learned during the review process will be treated by the receiving party as CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY until such time as the documents have been produced, at which time any stamped classification will control.  No photograph or any other means of duplication, including but not limited to electronic means, of materials provided for review prior to production is permitted before the documents are produced with the appropriate stamped classification.

(e)     In the event that any question is asked at a deposition with respect to which a party asserts that the answer requires the disclosure of CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY, or CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY, such question shall nonetheless be answered by the witness fully and completely.  Prior to answering, however, all persons present shall be advised of this Order by the party making the confidentiality assertion and, in the case of information designated as CONFIDENTIAL INFORMATION –ATTORNEYS EYES ONLY or CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY, at the request of such designating party all persons who are not allowed to

obtain such information pursuant to this Order, other than the witness, shall leave the room during the time in which this information is disclosed or discussed.

(f)     Nothing in this Protective Order shall bar or otherwise restrict outside counsel from rendering advice to his or her client with respect to this action and, in the course thereof, from relying in a general way upon an examination of materials designated CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY, or CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY, provided, however, that in rendering such advice and in otherwise communicating with their client, such counsel shall not disclose the specific contents of any materials designated CONFIDENTIAL INFORMATION,CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY or CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY.

8.    **Use of Protected Information designated CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY**

1.     For Protected Information designated CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY, the following additional protections apply:

(a)     Access to a Party's Source Code shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet).   The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 10 (h and k) below.  Additionally, except as provided in paragraph 10(k) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel;

(b)     The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-along computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code on the stand-alone computer(s);

(d)     The producing Party will produce Source Code in computer searchable format on the stand-alone computer(s) as described above;

(e)     Access to Protected Information designated CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY shall be limited to outside counsel and up to three TECHNICAL ADVISORS (*i.e*., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Information pursuant to paragraph 5(e) above.  A receiving Party may include excerpts of Source Code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court

document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's Rules, procedures and Orders;

(f)     To the extent portions of Source Code are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY or (2) those pages containing quoted Source Code will be separately stamped and treated as CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY;

(g)     Except as set forth in paragraph 10(k) below, no electronic copies of Source Code shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h)     The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code, all of which shall be designated and clearly labeled "CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY," and the receiving Party shall maintain a log of all such files that are printed or photocopied;

(i)     Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY" and shall continue to be treated as such;

(j)     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code, the receiving Party shall ensure

that such outside counsel, or TECHNICAL ADVISORS keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition); and

(k) A producing Party's Source Code may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 10(j) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Codes may be loaded onto a stand-alone computer.

## 9. Inadvertent Failure to Designate

(a) In the event that a producing party inadvertently fails to designate any of its information pursuant to paragraph 4, it may later designate by notifying the receiving

parties in writing. The receiving parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

(b)     It shall be understood however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

(c)     The parties agree that entering into this Protective Order is without prejudice to any party's rights to propose, request or otherwise move for different provisions relating to Source Code production in this litigation.

10.     **Challenge to Designation**

(a)     Any receiving party may challenge a producing party's designation at any time. A failure of any party to expressly challenge a claim of confidentiality or any document designation shall not constitute a waiver of the right to assert at any subsequent time that the same is not in-fact confidential or not an appropriate designation for any reason. No party shall be obligated to challenge the propriety of any designation when made, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

(b)     Any receiving party may disagree with the designation of any information received from the producing party as CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY, or CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY. In that case, any receiving party desiring to disclose or to permit inspection of the same otherwise than is permitted in this Order, may request the producing party in writing to change the designation of a document or documents, stating with particularity the reasons for that request, and specifying the

category to which the challenged document(s) should be de-designated. The producing party shall then have seven days from the date of service of the request to:

(1)     advise the receiving parties whether or not it persists in such designation; and

(2)     if it persists in the designation, to explain the reason for the particular designation and to state its intent to seek a protective order or any other order to maintain the designation.

(c)     If no response is made within seven days after service of the request under subparagraph (b), the information will be de-designated to the category requested by the receiving party. If, however, the request under subparagraph (b) above is responded to under subparagraph (b)(i) and (ii) within the seven day period, the producing party may then move the Court for a protective order or any other order to maintain the designation, in which case the producing party's designation shall remain in effect until the issue has been resolved by the Court (or to such extent as the parties may agree). If no such motion is made within seven days after the statement to seek an order under subparagraph (b)(ii), the information will be de-designated to the category requested by the receiving party.

(d)     With respect to requests and applications to remove or change a designation, information shall not be considered confidential or proprietary to the producing party if:

(1)     the information in question has become available to the public through no violation of this Order; or

(2)     the information was known to any receiving party prior to its receipt from the producing party; or

(3)    the information was received by any receiving party without restrictions on disclosure from a third party having the right to make such a disclosure.

## 11.    Inadvertent Disclosure of Designated Information

In the event of an inadvertent disclosure of another party's CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY or CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY to a non-Qualified Recipient, the party making the inadvertent disclosure shall promptly upon learning of the disclosure:  (i) notify the person to whom the disclosure was made that it contains CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY or CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY or CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-Qualified Recipient; and (iii) notify the producing party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

## 12.    Inadvertent Disclosure of Privileged Information

The parties hereto also acknowledge that regardless of the producing party's diligence an inadvertent production of attorney-client privileged or attorney work product materials may occur. In accordance with Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502, the parties therefore agree that if a party through inadvertence produces or provides discovery that it believes is subject to a claim

of attorney-client privilege or attorney work product, the producing party may give written notice to the receiving party that the document or thing is subject to a claim of attorney-client privilege or attorney work product and request that the document or thing be returned to the producing party. The receiving party shall return to the producing party such document or thing. Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or attorney work product, nor shall it foreclose any party from moving the Court pursuant to Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 for an Order that such document or thing has been improperly designated or should be produced.

**13.    Limitation**

This Order shall be without prejudice to any party's right to assert at any time that any particular information or document is or is not subject to discovery, production or admissibility on the grounds other than confidentiality.

**14.    Conclusion of Action**

(a)    At the conclusion of this action, including through all appeals, each party or other person subject to the terms hereof shall be under an obligation to destroy or return to the producing party all materials and documents containing CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY or CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY and to certify to the producing party such destruction or return. Such return or destruction shall not relieve said parties or persons from any of the continuing obligations imposed upon them by this Order.

(b)    After this action, trial counsel for each party may retain one archive copy of all documents and discovery material even if they contain or reflect another party's

materials designated CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY or CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY. Trial counsel's archive copy shall remain subject to all obligations of this Order.

(c)     The provisions of this paragraph shall not be binding on the United States, any insurance company, or any other party to the extent that such provisions conflict with applicable Federal or State law. The Department of Justice, any insurance company, or any other party shall notify the producing party in writing of any such conflict it identifies in connection with a particular matter so that such matter can be resolved either by the parties or by the Court.

**15.     Production by Third Parties Pursuant to Subpoena**

Any third party producing documents or things or giving testimony in this action pursuant to a subpoena, notice or request may designate said documents, things, or testimony as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY, in which case the parties to this agreement shall treat such designated materials according to the terms of this Order.

**16.     Compulsory Disclosure to Third Parties**

If any receiving party is subpoenaed in another action or proceeding or served with a document or testimony demand or a court order, and such subpoena or demand or court order seeks CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY or CONFIDENTIAL SOURCE CODE—ATTORNEYS EYES ONLY of a producing party, the receiving party shall give prompt written notice to counsel for the producing party and allow the producing party an opportunity to oppose such subpoena or demand or court

order prior to the deadline for complying with the subpoena or demand or court order. No compulsory disclosure to third parties of information or material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

17. **Jurisdiction to Enforce Protective Order**

After the termination of this action, the Court will continue to have jurisdiction to enforce this Order.

18. **Modification of Protective Order**

This Order is without prejudice to the right of any person or entity to seek a modification of this Order at any time either through stipulation or order of the Court.

19. **Confidentiality of Party's Own Documents**

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge. Similarly, the Protective Order shall not preclude a party from showing its own information, including its own information that is filed under seal by a party, to its officers, directors, employees, attorneys, consultants or experts, or to any other person.

Signed: May 9, 2019

**SO ORDERED**.

David S. Cayer
United States Magistrate Judge

The parties, through their undersigned attorneys of record, hereby consent to the entry of this Stipulated Protective Order.

Date: **February 27, 2019**

**/s/ Phoebe Norton Coddington**
Phoebe Norton Coddington
N.C. Bar No. 35218
Scott S. Addison
N.C. Bar No. 35117
Lincoln Derr PLLC
4350 Congress Street, Suite 575
Charlotte, North Carolina 28209
Telephone: 704.496.4500
Facsimile: 866.393.6043
phoebe.coddington@lincolnderr.com
scott.addison@lincolnderr.com


**/s/ D. Alan White**
Richard W. Miller (*pro hac vice*)
D. Alan White (*pro hac vice*)
Ballard Spahr LLP
999 Peachtree Street NE, Suite 1000
Atlanta, GA 30309
Telephone: 678.420.9300
Facsimile: 678.420.9301
millerrw@ballardspahr.com
whiteda@ballardspahr.com

*Attorneys for*
*Plaintiff Larada Sciences, Inc.*

**/s/ Brian L. Church**
Brian L. Church
N.C. Bar No. 39581
Lucas A. Anderson
N.C. Bar No. 50560
Robinson, Bradshaw, and Hinson, P.A.
101 N. Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: 704.377.2536
bchurch@robinsonbradshaw.com
landerson@robinsonbradshaw.com


**/s/ Andrew G. Strickland**
William B. Dyer III (*pro hac vice*)
Andrew G. Strickland (*pro hac vice*)
Ryan Gentes (*pro hac vice*)
Lee & Hayes, PLLC
1175 Peachtree Street NE
100 Colony Square, Suite 2000
Atlanta, GA 30361
Telephone: 404.815.1900
Facsimile: 404.815.1902
bill.dyer@leehayes.com
andrew.strickland@leehayes.com
ryan.gentes@leehayes.com

*Attorneys for Defendants*
*Pediatric Hair Solutions Corporation and*
*FloSonix Ventures, Inc.*

**EXHIBIT A TO STIPULATED PROTECTIVE ORDER**


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**


| | | |
|---|---|---|
| LARADA SCIENCES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Case No. 3:18-cv-00320-RJC-DSC** |
| Vs. | ) | |
| | ) | |
| PEDIATRIC HAIR SOLUTIONS | ) | |
| CORPORATION and FLOSONIX | ) | |
| VENTURES, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |


**DISCLOSURE AGREEMENT**


I, _____, am employed by _____.  In connection

with this action, I am:

_____  a director, officer or employee of _____ who is directly

assisting in this action;

_____  have been retained to furnish technical or other expert services or to give

testimony (a "TECHNICAL ADVISOR");

_____  Other Qualified Recipient (as defined in the Protective Order)

(Describe:_____).

I have read, understand and agree to comply with and be bound by the terms of the

Protective Order in the matter of _____, Civil Action No.

_____, pending in the United States District Court for the Western District of North

Carolina.  I further state that the Protective Order entered by the Court, a copy of which has been given to me and which I have read, prohibits me from using any PROTECTED INFORMATION, including documents, for any purpose not appropriate or necessary to my participation in this action or disclosing such documents or information to any person not entitled to receive them under the terms of the Protective Order.  To the extent I have been given access to PROTECTED INFORMATION, I will not in any way disclose, discuss, or exhibit such information except to those persons whom I know (a) are authorized under the Protective Order to have access to such information, and (b) have executed a Disclosure Agreement.  I will return, on request, all materials containing PROTECTED INFORMATION, copies thereof and notes that I have prepared relating thereto, to counsel for the party with whom I am associated.  I agree to be bound by the Protective Order in every aspect and to be subject to the jurisdiction of the United States District Court for the Western District of North Carolina for purposes of its enforcement and the enforcement of my obligations under this Disclosure Agreement.  I declare under penalty of perjury that the foregoing is true and correct.

_____

Signed by Recipient

_____

Name (printed)

Date: _____