IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-00320-KDB-DSC

LARADA SCIENCES, INC.,

    Plaintiff,

    v.

FLOSONIX VENTURES, LLC
AND PEDIATRIC HAIR
SOLUTIONS CORPORATION,

    Defendants.

<u>ORDER</u>

**THIS MATTER** is before the Court on Defendants' Motion to Stay Proceedings Pending *Inter Partes* Review (Doc. No. 47). In January 2020, the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office ("USPTO") agreed, at Defendant Pediatric Hair Solutions' ("PHS") request, to conduct Inter Partes Review ("IPR") proceedings on the three utility patents asserted by Plaintiff Larada Sciences, Inc. ("Larada") in this action. However, a design patent which Larada also claims has been infringed is not part of the IPR. Soon after the institution of the IPR, Defendants moved to stay this action in its entirety until the conclusion of the IPR. Larada opposes the stay.

The Court has carefully considered the motion and the parties' briefs and exhibits. In the interest of pursuing what the Court believes will be the most efficient course for both the Court and the parties, the Court will exercise its discretion to GRANT in part and DENY in part the motion as described below. While the Court agrees with Defendants that litigation related to the three utility patents should be stayed pending the IPR, the Court finds that the parties can, if they work cooperatively, reasonably move the case forward with respect to litigation of the design

1

patent so that the case will be in the best possible position to be resolved expeditiously when the IPR is finished.

## I.      FACTS AND PROCEDURAL HISTORY

In this action Plaintiff accuses Defendants of willfully infringing four patents, three utility patents and one design patent related to the treatment of head lice using heated air. *See generally*, Doc. No. 1. Plaintiff asserts numerous claims in three utility patents, U.S. Patent Nos. 7,789,902, 8,162,999, and 9,475,510 (the "Utility Patents"). *Id*.; *see* Doc. No. 34 (Claim Construction Order). Plaintiff has also asserted the single claim of U.S. Design Patent No. D626,287 (the "Design Patent"). *Id*. The Design Patent claims the ornamental design of an airflow attachment for a device used to deliver hot air, as claimed in the Utility Patents. *Id*.

On June 20, 2019, PHS petitioned for IPR relating to the three Utility Patents, but not the Design Patent. The Patent Trial and Appeal Board ("PTAB") instituted the IPRs on January 14, 2020, finding that there is a "reasonable likelihood" that PHS will prevail with respect to all of the asserted claims of the Utility Patents. *See* 35 U.S.C. § 314; Doc. No. 47-2, ¶¶ 2-4; Doc. No. 47-3 12-14, Doc. No. 47-4 at 11-13; Doc. No. 47-5 at 30-31, 38. Defendants then brought this motion to stay on February 18, 2020.

## II.      DISCUSSION

A district court has the inherent power to control its own docket, including the power to stay proceedings before it. *See Clinton v. Jones,* 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  The determination of whether to grant a stay pending the result of proceedings before the USPTO is

soundly within the court's discretion. See *Ethicon v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); *see also Murata Mach. USA v. Daifuku Co*., 830 F.3d 1357, 1361 (Fed. Cir. 2016) (affirming district court's refusal to lift stay pending IPR); *see also Precision BioSciences, Inc. v. Cellectis S.A*., No. 5:11-CV-00091-H, 2011 U.S. Dist. LEXIS 137784, at *3 (E.D.N.C. Nov. 30, 2011). Accordingly, decisions on motions to stay are made on a case-by-case basis. *See Norman IP Holdings, LLC v. TP-Link Techs., Co*., Case No. 6:13-cv-384, 2014 U.S. Dist. LEXIS 143426 (E.D. Tex. Oct. 8, 2014).

In this district and many other districts, "a liberal policy exists in favor of granting motions to stay" pending USPTO review. *See Shurtape Techs., LLC v. 3M Co.*, No. 5:11CV17-RLV, 2013 U.S. Dist. LEXIS 28815, at *6 (W.D.N.C. Mar. 1, 2013) (citing *Borgwarner, Inc. v. Honeywell Int'l, Inc.*, No. 1:07cv184, 2008 U.S. Dist. LEXIS 57861, at *3 (W.D.N.C. July 7, 2008)); *Cellectis S.A. v. Precision Biosciences, Inc.*, No. 5:08-CV-00119-H, 2010 U.S. Dist. LEXIS 9104, at *5 (E.D.N.C., Aug. 10, 2010); *see also*, *Intellectual Ventures II LLC v. Commerce Bancshares, Inc.*, No 2:13-CV-04160-NKL, 2014 U.S. Dist. LEXIS 75907, at *7 (W.D. Mo. June 4, 2014) ("Although the decision to grant a stay remains firmly in the district court's discretion, the interest of judicial economy and deference to the PTO's expertise have given rise to a liberal policy in favor of granting stays" pending IPR). This is particularly true after the PTAB institutes proceedings. *See VirtualAgility, Inc. v. Salesforce.com, Inc.,* 759 F.3d 1307 (Fed. Cir. 2014); *NFC Tech. LLC v. HTC Am., Inc.,* No. 2:13-CV-1058-WCB, 2015 U.S. Dist. LEXIS 29573, at *4 (E.D.Tex. Mar. 11, 2015) (a stay is justified when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues").

The parties agree that in deciding on a stay pending USPTO proceedings, the Court should consider (1) the stage of the litigation, including whether discovery is or will be almost complete

and whether the matter has been scheduled for trial; (2) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party; and, (3) whether a stay will simplify the issues in question and streamline the trial, thereby reducing the burden of litigation on the parties and on the court. *See Mkt.-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486 (D. Del. 2013); *Borgwarner,* 2008 WL 2704818, at *1. The Court finds that a balancing of these factors supports the exercise of its discretion to grant a stay.

First, although the case is not in its earliest stages and the Court has issued a claim construction order, this case remains in the early stages of discovery.[1] No party has served interrogatories, deposition notices, or third-party subpoenas. No depositions have been taken. Therefore, the first factor favors a stay. *See Agar Corp. Inc. v. Multi-Fluid, Inc.*, 983 F. Supp. 1126, 1128 (S.D. Tex. 1997) (the earlier a motion to stay is filed, the more inclined a court should be to grant it).

Second, the Court finds that Plaintiff will not be unduly prejudiced by a stay. Plaintiff claims that as a direct competitor it will be prejudiced by extending the period during which Defendant may continue to sell infringing products, thereby decreasing Plaintiff's revenue and market share. The Court recognizes that Defendants' competition against Plaintiff is a relevant consideration; *see Segin Sys.*, *Inc. v. Steward Title Guar. Co*., 30 F. Supp. 3d 476, 483 (E.D. Va. 2014); *Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc*., 193 F. Supp. 3d 345, 352

---

[1] Predictably, the parties disagree on the reason the case is at its present stage and its impact on the motion to stay. Defendants accuse Plaintiff of delaying its filing of the case until a year after it learned of potential infringement and failing to move forward with discovery after mediation was unsuccessful. In turn, it appears that PHS did not file its IPR request until a year after the action was filed, which created a longer timeline for the litigation. The Court finds that both parties bear a portion of the blame for the current stage of the case; therefore, the Court will not punish either party for where the case stands (although, as discussed below, the speed at which the case has proceeded must be taken into account in fairly considering whether Plaintiff will be unduly prejudiced by a stay).

(D. Del. 2016), however, whether or not a defendant is a competitor is not dispositive. *See*

*VirtualAgility,* 759 F.3d at 1318 ("whether the patentee will be unduly prejudiced by a stay in the

district court . . . focuses on the patentee's need for an expeditious resolution of its claim"). Here,

Plaintiff has not proceeded with any particular urgency in filing or prosecuting this action. Also, there

is no pending motion for a preliminary injunction, *see id.*, nor is such a motion likely to be filed

at this time (or to succeed) because all of the asserted patent claims in the utility patents have, at

least for now, been found by the USPTO to have a "reasonable likelihood" of not being upheld.

Further, while the Court recognizes the importance of the right to exclude competitors accruing to

the owners of a valid and enforceable patent, monetary damages can compensate Plaintiff and thus

at least mitigate any harm from a delay in enforcing this exclusion. In sum, the Court finds that the

second factor does not substantially weigh in favor of a stay as to the utility patents.

Finally, and most significantly, a stay may well simplify the issues and streamline any trial,

reducing the burden of litigation on the parties and on the court. While Plaintiff argues that the

USPTO may not ultimately change the claims in the asserted patents, this is just conjecture and

speculation at this point as neither the Court nor the parties can predict with certainty what the

USPTO will do in the future. What is known is that the USPTO has currently instituted an IPR as

to all the asserted claims of the Utility Patents and whether and how those claims will ultimately

survive that IPR is uncertain. Plaintiff may lose claims of the patents-in-suit or the claims may be

upheld.

Therefore, issues currently disputed may be avoided if claims are eliminated, thereby

simplifying the litigation. *See Oticon A/S v. GN Resound A/S*, No. 15-cv-2066 (PJS/HB), 2015

U.S. Dist. LEXIS 135621, at *10 (D. Minn. Aug. 5, 2015) ("a stay will likely simplify the issues

for litigation, because the PTO has already found that there is a 'reasonable likelihood' that [the]

asserted claims . . . are invalid. Knowing whether those claims are valid or not, and why, will assist

this Court."). PHS's IPRs cover sixty-four (64) of the sixty-five (65) patent claims at-issue, and the PTAB has already determined there is a reasonable likelihood PHS's IPR petitions will invalidate them all. *See* Doc. No. 47-2, Exhibit A at 12-14, Exhibit B at 11-13, Exhibit C at 30-31, 38. For each claim invalidated in the IPR, this Court, and the parties, need not consider any issue related to that claim. If "the PTAB invalidates all of the claims before it, the case will unquestionably become simpler." *Cywee Grp. Ltd. v. Samsung Elecs. Co*., No. 2:17-CV-00140-WCB-RSP, 2019 U.S. Dist. LEXIS 144149, at \*26 (E.D. Tex. Feb. 14, 2019) (finding simplification of issues even when not all claims at-issue subject to IPR).

Further, the estoppel provisions of the IPR statute provide that for any claim that survives IPR, Defendants cannot challenge validity "on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review." 35 U.S.C. § 315(e)(2). The majority of PHS's invalidity defenses are within the scope of this rule; therefore, regardless of whether PHS prevails in the IPR, a stay will at a minimum reduce some of the issues before the Court. *See Cywee Grp*., 2019 U.S. Dist. LEXIS 144149, at \*27 ("even if the PTAB does not invalidate all (or even any) of the asserted claims, any conclusion that the PTAB reaches will have a likely effect on the litigation by limiting the arguments [Defendants] can make regarding validity"). Accordingly, the Court finds that the third factor favors granting a stay of the litigation related to the Utility Patents.

In sum, balancing the three factors it must consider, the Court finds that it should exercise its discretion to stay this action until a final determination of the validity of the asserted Utility Patent claims is determined in the IPR.

However, the Court's decision to grant a stay of the litigation related to the Utility Patents involved in the IPR does not end the Court's inquiry. As noted above, in addition to the Utility

Patents, Plaintiff contends that Defendants have infringed the Design Patent, which is not included in the IPR. Therefore, there is no dispute that, in the absence of a voluntary settlement, Plaintiff's Design Patent claim will have to be litigated regardless of the IPR's outcome.

However, the parties disagree on the feasibility and wisdom of continuing discovery and other proceedings with respect to the Design Patent during a stay of litigation related to the Utility Patents. Plaintiff believes that the case can move forward with respect to the Design Patent and notes that there is an ongoing related case in Utah (2:18-cv-00551-RJS-PMW) in which it alleges that there are witnesses and issues that overlap substantially with Design Patent issues. On the other hand, Defendants urge the Court to grant a full stay, arguing that the parties will not be able to agree on what discovery can go forward and that some expert witnesses will be engaged to offer opinions related to both the Utility Patents and the Design Patents so it would be wasteful to require multiple expert reports, etc. related to their testimony.

Attempting to reach an appropriate balance that allows the action to move forward as much as reasonably possible while the Utility Patents are being reviewed, the Court finds, for now, that the stay pending the IPR should not apply to discovery and other proceedings directly solely or primarily to the Plaintiff's Design Patent claims. However, this exception to the stay shall not apply to expert witnesses who are providing significant opinions as to both the Utility and Design Patents. Further, the parties are directed to cooperate in good faith to determine what discovery can and should proceed, avoid the necessity for duplicative discovery and limit the inconvenience to third parties.[2] Finally, the parties are forewarned that in the event they are unable to cooperate

---

[2] For example, the Court expects the parties to determine if a third party witness is to be called primarily with respect to Design Patent issues and, if so, then complete all of the parties' discovery as to that witness even though some relatively small portion of testimony and/or documents may relate to Utility Patent issues.

on reasonably moving forward with Design Patent discovery then the Court is prepared to promptly reconsider both its decision to grant a stay as to the Utility Patents and its willingness to allow discovery on Design Patent issues to proceed.

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Stay (Doc. No. 47) is **GRANTED in part and DENIED in part;**

2. This matter shall be stayed as to all proceedings related to the litigation of the Utility Patents asserted in this action pending the IPR of those patents;

3. Discovery and other proceedings related to the litigation of Plaintiff's Design Patent claim are not stayed and may continue, with the exception of discovery of expert witnesses who are providing significant opinions as to both the Utility and Design Patents; and

4. The parties are directed to report to the Court on the progress of the IPR no less than once every 90 days from the date of this order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: March 23, 2020

Kenneth D. Bell
United States District Judge